Dear Rep. Baudoin:
This office is in receipt of your opinion request wherein you asked:
 Who is charged with enforcing Legislative Act No. 367, which authorizes the governing authority of Lafayette Parish to adopt such trespass ordinances and regulations as it may deem necessary to prevent and punish trespasses committed within Lafayette Parish?
La. R.S. 33:1236 provides, police juries and other parishgoverning authorities shall have the following powers:
 To adopt such ordinances and regulations as they deem necessary to prevent and punish the intentional unauthorized entry upon or in any structure, watercraft, or movable and to prevent and punish the intentional entry upon immovable property when the offender knows the entry is unauthorized or when the entry is under circumstances where the offender reasonably should know that the entry is unauthorized. The maximum fine or imprisonment which may be imposed under any ordinance or regulation adopted pursuant to this Paragraph shall not exceed the pertinent maximum fine or imprisonment which may be imposed under R.S. 14:63 or R.S. 14:63.12, whichever is appropriate. La. R.S. 33:1236(14).
Acts 1974, No. 367 authorizes the governing authority of Lafayette Parish to adopt such trespass ordinances and regulations as it may deem necessary to prevent and punish trespasses committed within Lafayette Parish.
Lafayette currently has a consolidated government. On June 6, 2000, the Lafayette City-Parish Government adopted a Code of Ordinances. The Code consisted of the complete recodification of the general and permanent ordinances of the 1965 City of Lafayette Code, as supplemented through October 15, 1996, and the 1977 Lafayette Parish Code, as supplemented through November, 16, 1995, and subsequent ordinances adopted by the city-parish consolidated council. *Page 2 
In particular, Section 62-103 of the Lafayette Code of Ordinances provides for trespassing as a criminal offense. As mentioned above, the power of Lafayette Parish to create such an ordinance is provided by La. R.S. 33:1236(14).
Furthermore, La. Const. Art. 5, § 27, provides that in each parish the sheriff shall be the chief law enforcement officer in the parish. This constitutional mandate is reinforced in La. R.S.33:1435, which states that "each sheriff shall be keeper of the public jail of his parish and shall preserve the peace and apprehend public offenders."
 This office has stated that his responsibility is co-extensive with the boundaries of the parish and observed, `It has also been the opinion of this office that where a complaint of a crime or offense within a municipality is made with the sheriff's office, the sheriff may either exercise concurrent jurisdiction with the city police and handle the complaint or he may refer the complaint to the city police.' Atty.Gen.Op. No. 84-603. Obviously, where there is no city police the responsibility is his. This office further observed even in situations where others are charged with the duty of enforcing ordinances, the sheriff is the chief law enforcement officer of the parish and his duty to aid and assist in preserving the peace and enforcing all state, parish, local laws and ordinances is not extinguished. Atty.Gen.Op. No. 83-17.
La. Atty. Gen. Op. No. 94-105.
Accordingly, it is the opinion of this office, based upon the above cited law and analysis, that the sheriff of Lafayette Parish has the power to enforce all State, parish, and local laws and ordinances, including La. R.S. 33:1236 and Lafayette City Ordinance Section 62-103.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 EMMA DEVILLIER
 ASSISTANT ATTORNEY GENERAL
 *Page 3 
 ATTACHMENT
La. Atty. Gen. Op. No. 94-105, 1994 WL 330222 (La.A.G.)
 Office of the Attorney General
 State of Louisiana
 *1 Opinion No. 94-105
 April 13, 1994
107 — Sheriffs
71 — Municipalities
R.S. 33:1435
Art. V, Sec. 27, La. Const.
The parish sheriff has responsibility in the entire parish for enforcement of all State, parish, local
laws and ordinances.
Charles S. Long, Esq.
Donaldsonville City Attorney
P.O. Box 470
Donaldsonville, LA 70346

Dear Mr. Long:
This office is in receipt of your request for an opinion of the Attorney General in regard to police protection of a municipality by a parish sheriff. You indicate in 1985 the City of Donaldsonville abolished its police department and contracted with the Sheriff of Ascension Parish to provide law enforcement within the corporate limits of the city. You ask what would be the legal responsibilities of the elected parish sheriff if the city does not contract with him for law enforcement and does not reinstate its police department.
The mandate under Article V, Section 27 of the LouisianaConstitution of 1974 that the sheriff of each parish shall be the chief law enforcement officer in the parish is reinforced inR.S. 33:1435 which designates he shall preserve the peace and apprehend public offenders. This office has stated that his responsibility is co-extensive with the boundaries of the parish and observed, "It has also been the opinion of this office that where a complaint of a crime or offense within a municipality is made with the sheriff's office, the sheriff may either exercise concurrent jurisdiction with the city police and handle the complaint or he may refer the complaint to the city police." Atty.Gen.Op. No. 84-603. Obviously, where there is no city police the responsibility is his. This office further observed even in situations where others are charged with the duty of enforcing ordinances, the sheriff is the chief law enforcement officer of the parish and his duty to aid and assist in preserving the peace and enforcing all state, parish, local laws and ordinances is not extinguished. Atty.Gen.Op. No. 83-17.
However, it is readily apparent while the sheriff may have responsibility for law enforcement in the entire parish, a municipality cannot expect the same degree of police protection as it would have where there is a local police department with concurrent jurisdiction, or a specific contract with the sheriff. The sheriff's concern has to be parish wide which must lessen the quality and quantity of police protection for a municipality of the parish without a local police department with concurrent jurisdiction.
As a matter information we feel attention should be given toR.S. 33:2711.12. This sets forth a procedure for the governing authority of any municipality which operates under a home rule charter and which contracts for law enforcement with the sheriff of the parish where the municipality is located to levy an additional sale and use tax to be used for funding costs associated with the provisions of law enforcement services in the municipality.
*2 We hope this discussion sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours, *Page 4 
Richard P. Ieyoub
Attorney General
By: Barbara B. Rutledge
Assistant Attorney General
La. Atty. Gen. Op. No. 94-105, 1994 WL 330222 (La.A.G.)
END OF DOCUMENT
 (C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.
 *Page 5 
 ATTACHMENT
La. Atty. Gen. Op. No. 83-17, 1983 WL 177618 (La.A.G.)
 Office of the Attorney General
 State of Louisiana
 *1 Opinion No. 83-17
 February 28, 1983
SHERIFFS, CONSTABLES MARSHALS 107
R.S. 33:1236(5)
The parish police jury may delegate primary responsibility of controlling dogs running at large
outside of municipalities to the constable, but sheriff by virtue of his office is still responsible for
enforcement of all state, parish laws and ordinances including controlling dogs running at large.
Belvin F. Bergeron
Sheriff
West Baton Rouge
P.O. Box 129
Port Allen, Louisiana 70767

Dear Sheriff Bergeron:
Your letter of January 4, 1983 requesting the opinion of this office is acknowledged and appreciated. Your question, as we understand it, is:
What is the sheriff's responsibility in controlling dogs running at large in the parish, but outside incorporated municipalities?
Initially, we note that the police jury is the governing authority of a parish. The power to enact ordinances and pass regulations for the benefit of the parish is set forth under Louisiana Revised Statutes, Title 33, Section 1236. In answer to your inquiry we direct your attention to R.S. 33:1236(5) which provides that:
The police juries shall have the following powers:
(5) To pass all ordinances and regulations in relation to the marking, the sale, destruction of cattle in general and especially of wild cattle which are not marked and also of horses and mules; and to take any measure concerning the policing of cattle in general in all the cases not provided for by law; to fix the time in which cattle may be suffered to rove in the parishes of this state, where that custom prevails, to that such roving may not be detrimental to the crops; to determine what animals shall not be suffered to rove, and in what cases they may lawfully be killed. (Emphasis provided).
In addition to La. R.S. 33:1236(5) the legislature has seen fit to pass specific legislation governing the regulation of dogs running at large. We direct your attention to La. R.S. 3:2731
and following. Louisiana Revised Statutes 3:2731 provides that:
The governing bodies of all parishes and municipalities may levy and collect annual per capita license taxes on all dogs, enact ordinances for the regulation of dogs running at large, and maintain pounds for the impounding of dogs. (Emphasis provided).
When R.S. 33:1236(5) and R.S. 3:2731 are read together it seems clear that a parish, as well as municipal governing bodies, are responsible for the enactment of ordinances and regulations which control dogs running at large.
The police jury of West Baton Rouge Parish has seen fit to adhere to legislative intent and pass their own ordinances governing this subject matter. Specifically, we direct your attention to Article II, Section 5-21 of the West Baton Rouge Parish Code which states in pertinent part:
It shall be the duty of each constable to enforce this article within his ward.
It seems apparent by this statement that the West Baton Rouge Parish Police Jury intended for the constable to enforce these ordinances within his ward. Even though constables have been *Page 6 
charged with the duty of enforcing these ordinances by the police jury, the sheriff is the chief law enforcement officer of the parish, thus, his duty to aid and assist in preserving the peace and enforcing all state, parish, local laws and ordinances is not extinguished. R.S. 15:704, R.S. 33:1435, LSA-Const. Art. V,Section 27.
*2 When Article II of the West Baton Rouge Parish Code is read in view of Louisiana Revised Statutes 3:2731 et. seq. and33:1236(5) it seems reasonable to conclude that the primary responsibility for the control of dogs running at large is placed with the constable of each ward but, the sheriff is obliged to enforce the ordinance in his parish in order to preserve the public peace, safety or welfare, or whenever a legitimate request for assistance is tendered by a constable.
For the reasons stated above it is the opinion of this office that the parish police jury may delegate the primary responsibility of controlling dogs running at large outside of incorporated municipalities to the constable, but the sheriff by virtue of his office is still responsible for enforcement of all state, parish, local laws and ordinances in his parish, this would include enforcement of ordinances controlling dogs running at large.
If there are any further questions please feel free to contact this office. With kind regards,
Sincerely,
William J. Guste, Jr.
Attorney General
By: Rene Salomon
Assistant Attorney General
La. Atty. Gen. Op. No. 83-17, 1983 WL 177618 (La.A.G.)
END OF DOCUMENT
 (C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.
 *Page 7 
 ATTACHMENT
FOR EDUCATIONAL USE ONLY
La. Atty. Gen. Op. No. 84-603, 1984 WL 195657 (La.A.G.)
 Office of the Attorney General
 State of Louisiana
 *1 Opinion No. 84-603
 October 1, 1984
107. . . . Sheriff, Constables Marshalls
77 ..... Municipalities
LSA-R.S. 33:423; -33:1435; -Art. V, Sec. 27;
La. Constitution, 1974.
Concurrent enforcement authority of municipal and parish law enforcement officials.
Honorable Jack E. Bussey
Chief of Police
P.O. Box 565
Ringgold, Louisiana 71068

Dear Chief Bussey:
You requested an opinion from this office concerning the authority of a municipal chief of police and parish sheriff. Specifically, you asked who has the supreme law enforcement authority in the municipality. You also asked if the sheriff is required by law to render assistance to the chief of police in enforcement and investigative matters.
The Town of Ringgold is a Lawrason Act municipality and is, therefore, governed by the applicable statutes. LSA-R.S. 33:423
provides for the duties of the chief of police. It provides in part:
The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance . . .
Interpreting the statute as read, the chief of police has the general responsibility for law enforcement in the municipality. He has the duty to enforce all ordinances and applicable state laws within the municipality and to perform all other duties required of him by municipal ordinances.
Article V, Section 27 of the Louisiana Constitution of 1974
provides, in pertinent part, as follows: In each parish a sheriff shall be elected for a term of four years. He shall be the chief law enforcement officer in the parish, except as otherwise provided by this constitution, and shall execute court orders and process . . .
LSA-R.S. 33:1435 provides, in part, that:
Each sheriff shall be keeper of the public jail of his parish and shall preserve the peace and apprehend public offenders.
In accordance with the portion of the statute quoted above, the sheriff has the duty to preserve the peace in the parish and apprehend public offenders. It has been the opinion of this office that the peacekeeping and law enforcement responsibilities of the sheriff are co-extensive with the boundaries of the parish. It has also been the opinion of this office that where a complaint of a crime or offense within a municipality is made with the sheriff's office, the sheriff may either exercise concurrent jurisdiction with the city police and handle the complaint or he may refer the complaint to the city police.
Thus, it is the opinion of this office that while the chief of police is the chief law enforcement *Page 8 
official in the municipality, the parish sheriff may exercise concurrent jurisdiction. The parish sheriff has the option of either exercising said concurrent jurisdiction in the enforcement and investigative matters or he may allow the matter to be handled entirely by the chief of police. *2 It is hoped that this opinion has been of some assistance to you. If we may be of any further assistance, please feel free to contact us.
Sincerely,
William J. Guste, Jr. Attorney General
Cassandra A. Simms Assistant Attorney General La. Atty. Gen. Op. No. 84-603, 1984 WL 195657 (La.A.G.) END OF DOCUMENT
(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works. *Page 9 
 ATTACHMENT
La. Atty. Gen. Op. No. 81-40, 1981 WL 155133 (La.A.G.)
 Office of the Attorney General
 State of Louisiana
 *1 Opinion No. 81-40
 April 8, 1981
50 — HIGHWAYS.
Private signs on public rights of way are subject to removal by legal proceeding instituted by
local government subdivision. Honorable Gordon Copeland P.O. Box 948, Slidell, La. 70459
Honorable Gordon Copeland
Justice of the Peace
St. Tammany Parish
Post Office Box 948
Slidell, Louisiana 70459

Dear Mr. Copeland:
You have requested an opinion from this office as to whether or not Real Estate Developers may place signs along the right-of-way of both State and Parish roads.
According to R.S. 32:236, privately owned signs on public rights-of-way are prohibited. Revised Statute 32:236A provides as follows:
A. No person, contractor, or public service corporation shall erect or maintain any sign of any nature or a traffic control device or anything resembling a traffic control device within the right-of-way of any highway or street, without having official permission to install or maintain same in the public right-of-way under the provisions of R.S. 48:344 and R.S. 48:381, except governing authority maintaining the highway or street.
Pursuant to the above statute, any sign within the right-of-way of any highway without the permission of the governing authority maintaining the highway or street is in violation of the law, and is subject to a legal proceeding by the appropriate authority to have the sign removed. It is hoped that this opinion has adequately answered your questions. If we may be of further assistance to you in the future, please advise.
Sincerely,
 William J. Guste, Jr. Attorney General
 By: Charles L. Patin, Jr Assistant Attorney General La. Atty. Gen. Op. No. 81-40, 1981 WL 155133 (La.A.G.)
(C) 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.